NOTICE

Decision filed 10/14/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250539-U

NO. 5-25-0539

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| CHARLES HORN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 25-CH-19 |
| | ) | |
| HOUSING AUTHORITY OF CHAMPAIGN COUNTY, | ) | |
| THE BOARD OF COMMISSIONERS OF THE | ) | |
| HOUSING AUTHORITY OF CHAMPAIGN COUNTY, | ) | |
| LILY WALTON, and DEBRA LEE, | ) | Honorable |
| | ) | Benjamin W. Dyer, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE HACKETT delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not abuse its discretion by denying plaintiff's motion for preliminary injunction, where plaintiff cannot show irreparable harm or a likelihood of succeeding on the merits of the case. Additionally, the core of plaintiff's allegations against defendants involves monetary damages, for which an adequate remedy exists at law. Therefore, the judgment of the circuit court is affirmed.

¶ 2    The underlying matter arises out of a motion for preliminary injunction filed by plaintiff, Charles Horn, against the Housing Authority of Champaign County (HACC), HACC's Board of Commissioners, HACC's executive director, and HACC's lead Section 8 Housing Choice Voucher Program (HCVP) specialist (collectively, defendants). Plaintiff now appeals pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) from the circuit court's order denying his request

1

for a preliminary injunction. For the reasons explained below, we affirm the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4     The HCVP provides housing subsidies to individuals in existing housing. HACC is authorized by the U.S. Department of Housing and Urban Development (HUD) to administer the HCVP. During the relevant time, plaintiff was a participant in the HCVP and received housing assistance through the program.

¶ 5     On April 1, 2022, HACC issued plaintiff a temporary two-bedroom voucher under the HCVP, and plaintiff used it to rent a house. The temporary voucher was contingent on plaintiff securing the services of a live-in aide by July 5, 2022. Plaintiff did not secure an aide by that time, but instead requested that the unidentified guests residing with him replace the live-in aide. HACC denied plaintiff's request for a permanent two-bedroom voucher on July 11, 2022. Plaintiff originally filed suit against defendants in federal court, alleging broadly that he was denied reasonable housing accommodations as a person with a disability pursuant to the Fair Housing Act and Americans with Disabilities Act.[1]

¶ 6     Beginning in December 2024, HACC conducted an annual review of plaintiff's Section 8 Housing Assistance Payments Program (HAP) contract.[2] HACC recertified his contract based on the findings of this review on February 4, 2025. This recertification included an amendment to plaintiff's HAP contract, which took effect on April 1, 2025. The amendment decreased the amount of money he would receive in housing assistance and correspondingly raised the amount of rent payments for which he would be responsible. Along with the amended contract, HACC

---

[1]Plaintiff also twice filed motions for preliminary injunctions in the federal case, which are not relevant in this appeal.

[2]The HAP contract represents the agreement between a HCVP participant and HACC, and outlines the terms under which HACC and the tenant respectively pay their share of the tenant's rent.

also sent plaintiff a letter informing him that he had failed to submit: (1) a reasonable accommodation form stating the reason for which he needed a second bedroom; and (2) contact information for his doctor. The letter informed plaintiff that his failure to provide the documents by February 18, 2025, may result in the termination of his housing assistance.

¶ 7   On April 16, 2025, plaintiff filed a motion for preliminary injunction against defendants in the Champaign County circuit court, asking the court to "prevent ongoing and future harm resulting from the [HACC's] February 4, 2025, recertification of his [HAP] contract." In his motion, plaintiff alleged that he had been unable to receive at-home care ever since defendants revoked his housing voucher in July 2022, a revocation that he argued was erroneously decided because HACC had been aware of plaintiff's disabilities since March 2022, when plaintiff first applied for and received a housing voucher for a two-bedroom home with a live-in aide.

¶ 8   He further challenged HACC's February 4, 2025, letter, stating that he had failed to provide certain information to HACC, claiming that when HACC began its annual review of his HAP contract in December 2024, he had timely submitted all required documentation of his need for a disability-related reasonable housing accommodation. He argued that HACC's recertification of his HAP contract violated the federal Fair Housing Act (42 U.S.C. § 3601 *et seq.* (2024)), the Rehabilitation Act of 1973 (29 U.S.C. § 701 *et seq.* (2024)), and HACC's 2023 administrative plan through defendants' "intentional failure to timely respond" to plaintiff's request for an accommodation, causing an "unreasonable delay in providing accommodation for a known disability" that HACC had previously acknowledged.

¶ 9   Plaintiff concluded with a request that the circuit court order defendants to issue him a housing voucher with the two-bedroom disability accommodation. Plaintiff argued that, without such an order, he would continue to suffer physical and economic injury and likely incur

3

irreparable harm, and monetary damages could not cure the injury. He further claimed that he was likely to prevail on the underlying issue because defendants' intentional and willful denial of his disability accommodation was unlawful.

¶ 10   Defendants filed a response, arguing, *inter alia*, that plaintiff had not suffered immediate and irreparable harm or shown a substantial likelihood of succeeding on the merits. The circuit court held a hearing on plaintiff's motion on June 3, 2025. Following oral argument, the court explained that the core issue plaintiff raised in his motion was "a sum of money that will be provided to [plaintiff], and *** he's essentially displeased with the amount of money that he's going to be paid by the [HACC] and believes he's entitled to a larger amount of money for his living situation." The court then found that this was "a compensable injury, that *** can be settled with money damages." The court further recognized that the decrease in plaintiff's housing subsidy would have the effect of requiring him to pay more for his living situation. Still, it explained that this fact, when weighed against all of the preliminary injunction factors, did not warrant granting plaintiff the relief sought. The court denied his motion in an oral ruling.

¶ 11   Plaintiff filed a notice of interlocutory appeal on June 26, 2025. On June 27, 2025, the circuit court entered a written order relating to its prior oral ruling denying plaintiff's motion for preliminary injunction "for all the reasons stated on the record" in light of plaintiff's notice of appeal. On September 11, 2025, plaintiff filed a motion for leave to file supplemental authority, which we now deny.

¶ 12                        II. ANALYSIS

¶ 13   We initially address defendants' argument that plaintiff's appellant brief should be stricken for violating Illinois Supreme Court Rules 321, 328, and 341, as well as defendants' request for Rule 375(b) sanctions against plaintiff for filing a frivolous and/or bad-faith appeal. Ill. S. Ct. R.

4

321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 328 (eff. July 1, 2017); Ill. S. Ct. R. 341 (eff. Oct. 1, 2020); Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). Defendants further ask that we impose a $500 sanction against plaintiff, which he must pay before prosecuting any further civil appeals or filing any civil action in the circuit court, as well as an order prohibiting him from obtaining a fee waiver for the prosecution of any civil appeal in this court pursuant to Rule 313(f). Ill. S. Ct. R. 313(f) (eff. May. 1, 2025).

¶ 14                    A. Appellant Brief and Record on Appeal

¶ 15    Defendants point out the deficiencies in plaintiff's brief and the record on appeal. It is true that plaintiff's statement of facts lacks detail and citations to the record, and that the record is incomplete. See Ill. S. Ct. Rs. 341(h)(6), 321. However, what has been presented is sufficient for us to review this appeal. Even with defendants' contentions concerning the strength of plaintiff's arguments, relevance of cited authority, and quality of writing, plaintiff has provided an argument section with citations to caselaw. It is true, however, that we must resolve any doubts arising from the incompleteness of the record against plaintiff as the appellant. See *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003).

¶ 16    We recognize that a *pro se* litigant is not entitled to more lenient treatment and must abide by the same rules as an appellant who is represented by counsel. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. We likewise recognize that "[t]he rules of procedure concerning appellate briefs are rules, not mere suggestions." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. However, the decisions to both strike an appellant's brief, as well as sanction a litigant, are within our discretion. *Id.* ¶¶ 10, 87. In exercising that discretion, we decline to sanction plaintiff or to strike his brief, and we proceed to review this appeal on the merits.

5

¶ 17                    B. Preliminary Injunction

¶ 18    An individual seeking a preliminary injunction must show "(1) a clearly ascertained right in need of protection, (2) irreparable injury in the absence of an injunction, (3) no adequate remedy at law, and (4) a likelihood of success on the merits of the case." *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 62 (2006). The court may also deny a preliminary injunction "where the balance of hardships does not favor the moving party." *Clinton Landfill, Inc. v. Mahomet Valley Water Authority*, 406 Ill. App. 3d 374, 378 (2010). On appeal, " 'we examine only whether the party seeking the injunction has demonstrated a *prima facie* case that there is a fair question concerning the existence of the claimed rights.' " *Mohanty*, 225 Ill. 2d at 56 (quoting *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164, 177 (2002)).

¶ 19    The circuit court has "substantial discretion" to grant or deny a preliminary injunction, and we generally review its decision under an abuse of discretion standard. *Guns Save Life, Inc. v. Raoul*, 2019 IL App (4th) 190334, ¶ 39. An abuse of discretion does not occur where we merely disagree with the lower court's ruling or would have reached a different result, but where the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would adopt the court's view. *Id.* On review, we will not substitute our judgment for that of the circuit court or determine whether it acted wisely. *Id.* (quoting *In re Parentage of I.I.*, 2016 IL App (1st) 160071, ¶ 29).

¶ 20    Here, the circuit court found that plaintiff had an adequate remedy available at law, in the form of monetary damages. His allegations against defendants were premised on HACC's determination that, based on a review of his accommodation request and supporting documentation, HACC's contribution to his housing benefit should be decreased, and plaintiff's own contribution to his rent should be increased. The court further found that plaintiff had not shown that the preliminary injunction factors favored granting his request.

¶ 21  Based on the record before us on appeal, we find no justification for determining that the court abused its discretion in denying plaintiff's motion. As we previously discussed, we construe the deficiencies in the record against plaintiff. *Rogers*, 204 Ill. 2d at 319. There is no evidence that HACC made any mistake or otherwise acted inappropriately in conducting plaintiff's 2025 recertification. Nor is there any basis to conclude that the amendment to his HAP contract was wrongfully decided.

¶ 22  The record does show that plaintiff was previously denied an increased housing benefit that would allow for a live-in aide to reside with him and assist with his disabilities. This was because of his own failure to comply with HACC's conditions for receiving that benefit. Again, without being able to review HACC's decision-making, we are forced to assume that it was proper. Therefore, we find that plaintiff would not be able to show either irreparable injury or a likelihood of success on the merits. The fact that plaintiff must pay more for housing than in previous years is not an injury to him where HACC's recertification amendment was correctly decided. Furthermore, as the circuit court noted, the core of plaintiff's dispute with defendants centers on how much money he should receive from them. Monetary damages are clearly available as a remedy at law. Thus, we conclude that the circuit court did not abuse its discretion in denying plaintiff's motion for a preliminary injunction.

¶ 23                                   III. CONCLUSION

¶ 24  For the foregoing reasons, the order of the circuit court denying plaintiff's motion for preliminary injunction is affirmed.


¶ 25  Affirmed.

7