NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 251230-U

NO. 4-25-1230

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 26, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DARAH JEAN-BAPTISTE, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| ROCKFORD HOUSING AUTHORITY, CARANDUS | ) | No. 25MR515 |
|     BROWN, AND LAURA SNYDER, | ) | |
|     Defendants-Appellees. | ) | Honorable |
| | ) | Ronald A. Barch, |
| | ) | Judge Presiding. |

---

JUSTICE GRISCHOW delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the denial of a temporary restraining order in a plaintiff's *certiorari* action to review a housing authority's decision to terminate her housing voucher benefits because the trial court did not abuse its discretion in finding plaintiff did not show a fair question of a likelihood of success on the merits.

¶ 2    Plaintiff, Darah Jean-Baptiste, initiated an action in *certiorari* to review a decision of defendant, Rockford Housing Authority (RHA), terminating plaintiff's housing assistance benefits. She filed a motion for a temporary restraining order (TRO) and preliminary injunction, seeking to restore her housing assistance benefits pending the resolution of the *certiorari* review. The trial court denied plaintiff's motion. Plaintiff timely appealed under Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017). We affirm.

¶ 3                         I. BACKGROUND

¶ 4        Plaintiff filed a complaint by common law writ of *certiorari* on October 20, 2025, seeking review of the final administrative decision terminating her housing assistance benefits. The following facts are as alleged in that complaint. Plaintiff was a recipient of housing assistance benefits under the federal Housing Choice Voucher Program (HCVP), administered by RHA. In April 2025, plaintiff was notified by RHA that her HCVP benefits were being terminated. Plaintiff requested an informal hearing regarding the termination, which was conducted by a hearing officer, defendant, Carandus Brown, on April 16, 2025. At the hearing, which plaintiff attended, plaintiff's RHA caseworker testified that RHA had evidence plaintiff committed fraud in connection with the HCVP benefits. Plaintiff was not provided any evidence for review. Brown issued an informal hearing decision letter, sustaining RHA's decision to terminate plaintiff's HCVP benefits on the basis of violations of applicable federal regulations. Specifically, the letter stated the decision to terminate was based on the grounds of a violation of family obligations under the program (24 C.F.R. § 982.552(c)(1)(i) (2024)) and fraud, bribery, or any other corrupt or criminal act by a family member in connection with any federal housing program (*id*. § 982.552(c)(1)(iv)). The termination of plaintiff's housing assistance benefits was effective on May 31, 2025.

¶ 5        On November 5, 2025, plaintiff filed a motion for a TRO and preliminary injunction, seeking to enjoin RHA from terminating her housing assistance payments pending the resolution of the case and restore her HCVP benefits and eligibility effective June 1, 2025. According to the motion, plaintiff was served with a 5-day notice to pay rent or quit by her landlord on October 3, 2025, demanding the payment of unpaid rent. An eviction complaint was filed against plaintiff on October 16, 2025, for nonpayment of rent from July to October 2025.

Plaintiff indicates the eviction action was dismissed, but the landlord has indicated he will continue to seek eviction as long as the rent remains unpaid.

¶ 6 On November 14, 2025, the trial court held a hearing on plaintiff's motion for a TRO. The court denied the motion and scheduled a hearing on the complaint for administrative review for February 4, 2026.

¶ 7 Plaintiff filed an interlocutory appeal pursuant to Rule 307(d). Plaintiff asks this court to reverse the order denying her a TRO and order RHA to restore and reinstate her housing assistance benefits pending a resolution of the underlying matter. Defendants did not file a responding memorandum in this court.

¶ 8                                    II. ANALYSIS

¶ 9 The matter before us on interlocutory appeal is limited to whether the trial court erred in denying plaintiff's motion for a TRO while the termination of her housing assistance benefits was reviewed by the court. See Ill. S. Ct. R. 307(a)(1), (d) (eff. Nov. 1, 2017) (providing for an interlocutory appeal as of right from the refusal to grant an injunction, with specific procedures for appealing the grant or denial of a TRO). In such an appeal, "controverted facts and the merits of the case are not decided." *Holmberg v. City of Kewanee*, 2025 IL App (4th) 250628, ¶ 17. "The only question in such an appeal is whether there was a sufficient showing to affirm the order of the trial court granting or denying the relief requested." *Woods v. Patterson L. Firm, P.C.*, 381 Ill. App. 3d 989, 993  (2008). The grant or denial of a TRO is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Hutsonville Community Unit School District No. 1 v. Illinois High School Ass'n*, 2021 IL App (5th) 210308, ¶ 7. "An abuse of discretion does not occur where we merely disagree with the lower court's ruling or would have reached a different result, but where the ruling is arbitrary,

fanciful, or unreasonable, or when no reasonable person would adopt the court's view." *Guns Save Life, Inc., v. Raoul*, 2019 IL App (4th) 190334, ¶ 39.

¶ 10 Under HCVP, the U.S. Department of Housing and Urban Development (HUD) provides housing assistance funds to local public housing agencies, and the local public housing agencies administer the program. 24 C.F.R. § 982.1(a)(1) (2024); 42 U.S.C. § 1437f(b) (2024). Prior to April 2025, plaintiff was a participant in HCVP and received housing assistance benefits through the program.

¶ 11 The Housing Authorities Act provides for the creation of such local public housing authorities in Illinois, like the RHA. 310 ILCS 10/3 (West 2024). The Housing Authorities Act does not adopt the Administrative Review Law and provides no other method of judicial review of a final decision of the RHA. See 735 ILCS 5/3-101 *et seq.* (West 2024); see also *Rodriguez v. Chicago Housing Authority*, 2015 IL App (1st) 142458, ¶ 12. In such cases, "the proper vehicle to seek a judicial review of the [housing authority's] final administrative decision" is by a common law writ of *certiorari*. *Rodriguez*, 2015 IL App (1st) 142458, ¶ 12; see *City of Kankakee v. Department of Revenue*, 2013 IL App (3d) 120599, ¶ 14 ("Where there is no judicial review under the Review Act, a petition for a writ of *certiorari* is the proper procedure for review by the trial court.". We note that the jurisdiction of the trial court to administratively review RHA's decision via a common law writ of *certiorari* is not challenged.

¶ 12 The purpose of a TRO is to preserve the status quo until the case can be decided on the merits. *Bismarck Hotel Co. v. Sutherland*, 92 Ill. App. 3d 167, 175 (1980). To obtain a TRO, a party must establish a clearly ascertainable right in need of protection, a likelihood of irreparable harm absent an injunction, no adequate remedy at law, and a likelihood of success on the merits. *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 62 (2006). " 'All that is

necessary is that the plaintiff raise a fair question as to the existence of a right needing protection, leading the court to believe that the plaintiff will be entitled to the prayed-for relief if the proof presented at trial should sustain its allegations.' " *Hutsonville Community Unit School District No. 1 v. Illinois High School Ass'n*, 2021 IL App (5th) 210308, ¶ 11 (quoting *Tie Systems, Inc. v. Telcom Midwest, Inc.*, 203 Ill. App. 3d 142, 150-51 (1990)).

¶ 13    Here, the written order states that plaintiff's motion was denied for lack of jurisdiction, but the oral ruling indicates the trial court denied the motion because a TRO was not authorized under the circumstances. When a court's oral ruling conflicts with its written order, the oral ruling prevails. *In re William H.*, 407 Ill. App. 3d 858, 866 (2011). Thus, we review the oral ruling, which indicates the trial court found that plaintiff sustained her burden of showing a fair question that her entitlement to housing assistance benefits was a clearly ascertainable right in need of protection. See *Tolliver v. Housing Authority of County of Cook*, 2017 IL App (1st) 153615, ¶ 22 (holding that participants in HCVP have a property interest in continued occupancy of subsidized housing). The court also found plaintiff raised a fair question that, absent the TRO, due to her income compared to the amount of her housing assistance benefits, she would be evicted, causing irreparable harm for which there was no adequate remedy at law. See *Brooks v. LaSalle Nat. Bank*, 11 Ill. App. 3d 791, 796 (1973) (holding lessee's showing he would not have a place to live nor his necessary personal effects was sufficient to show irreparable harm for injunctive relief). However, the trial court implicitly determined plaintiff failed to show fair question that she would likely prevail on the merits of her appeal of the termination of her housing assistance benefits.

¶ 14    In this context, on review of the RHA's decision, success on the merits means the decision terminating her housing assistance benefits would be reversed and her housing

- 5 -

assistance benefits would be restored. Plaintiff's benefits were terminated because RHA determined plaintiff committed fraud. The informal hearing decision letter identified the regulations that supported the RHA's decision to terminate plaintiff's housing assistance benefits and specified plaintiff's evidence to the contrary was not sufficient. In her motion for injunctive relief, plaintiff contends she is likely to succeed on the merits because the written hearing decision was inadequate in that it failed to offer any rationale or consider any alternatives to the termination of plaintiff's housing assistance benefits.

¶ 15        Federal regulations indicate that the person who conducts the informal hearing must issue a written decision, stating briefly the reasons for the decision. 24 C.F.R. § 982.555(e)(6) (2024). Here, the written decision specifies the regulations that supported the decision. Plaintiff's argument that the written decision was lacking because it failed to offer any rationale or specify considered alternatives would not necessarily result in a reversal of the underlying decision. See *Stewart v. Boone County Housing Authority*, 2018 IL App (2d) 180052, ¶ 36 ("Where findings are lacking, the case must be remanded for further proceedings and to allow the administrative body to enter its findings."). In addition, as the record of the proceedings before the RHA is not before us, we presume the decision was correct. See *Midstate Siding and Window Company, Inc. v. Rogers*, 204 Ill.2d 314, 319 (resolving doubts from an incomplete record against the appellant on review from a trial court decision); see *Horn v. Housing Authority of Champaign County*, 2025 IL App (5th) 250539-U (applying presumption against the appellant in an administrative setting). At best, based on the record before the trial court, plaintiff has shown that a remand might be necessary for the entry of findings.

¶ 16        Thus, we affirm the trial court's denial of a TRO, holding the conclusion that plaintiff has not shown a fair question of a likelihood of success on the merits of the termination

decision was not an abuse of discretion. That finding is determinative, as it is a plaintiff's burden to raise a fair question as to all four of the necessary elements. See *Alms v. Peoria County Election Commission*, 2022 IL App (4th) 220976, ¶ 25 ("Because all four elements must be met, the failure to establish any one of them requires the denial of the preliminary injunction.").

¶ 17                                    III. CONCLUSION

¶ 18              For the reasons stated, we affirm the trial court's judgment.

¶ 19              Affirmed.